UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                             Case No. 24-CR-69

TIMOTHY HAWTHORNE,

    Defendant.

## ORDER ON MOTION FOR RECONSIDERATION OF DENIAL OF EVIDENTIARY HEARING ON MOTION TO SUPPRESS (TRAFFIC STOP)

On April 9, 2024, a grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment against Timothy Hawthorne charging him with possession with intent to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2). (Docket # 1.) Hawthorne moves to suppress evidence obtained from a July 10, 2023 traffic stop and evidence obtained from a warrantless search of his apartment the same day. (Docket # 22; Docket # 23.)

In conjunction with his motion to suppress based on the traffic stop, Hawthorne requested an evidentiary hearing regarding whether one of the officers conducting the traffic stop smelled the odor of marijuana emanating from the vehicle. (Docket # 23 at 5.) In an order dated April 9, 2025, I denied Hawthorne's request for a hearing without prejudice, concluding that Hawthorne failed to put forth allegations that were definite, non-conjectural, and detailed enough to enable the Court to conclude that a substantial claim was presented

and that there were disputed issues of material fact that would affect the outcome of the motion. (Docket # 25.) In the course of briefing the traffic stop motion, Hawthorne renewed his request for an evidentiary hearing as to whether the officers could plausibly smell the odor of fresh marijuana emanating from the vehicle. (Docket # 33 at 4–8.)

In denying the hearing request, I found that Hawthorne did not dispute that marijuana was present in the vehicle, only Officer Rutherford's ability to smell it. I concluded that a desire to cross-examine a witness does not entitle a defendant to an evidentiary hearing and denied the motion. Hawthorne now proffers that studies have shown that one could not reliably detect five pounds of marijuana packaged in a garbage bag when replicating the conditions of a traffic stop; thus, it was effectively impossible for Officer Rutherford to smell just over three grams of fresh marijuana sealed in an airtight mylar bag in the car's center console. (Docket # 33 at 4.) Hawthorne argues that this is bolstered by the fact that none of the officers contemporaneously mention smelling marijuana. (*Id.* at 5.)

The government was permitted to file a response to Hawthorne's renewed request for an evidentiary hearing. (Docket # 34.) The government continues to oppose the request. In so doing, the government argues that whether the officers smelled marijuana is immaterial, because the questions about marijuana came before the stop was complete and the officers did not impermissibly extend the stop. (Docket # 35 at 1.) The government further argues that there is no basis to dispute Officer Rutherford's statement in his police report that both he and Officer Kotnik smelled marijuana coming from the car because the statement is corroborated by the contemporaneous evidence. Specifically, Officer Kotnik asks Hawthorne during the traffic stop about the last time he used marijuana and after Hawthorne is removed from the

car, Officer Malafa asks whether Officer Domine's initial search uncovered a marijuana blunt. (Docket # 35 at 1–2.)

It is a close call whether the studies Hawthorne now proffers is sufficient to obtain an evidentiary hearing on this issue. However, in this case, because I am already holding an evidentiary hearing on the standing issue on Hawthorne's other motion to suppress, in the interest of deciding this motion on a fully developed record, I will also grant an evidentiary hearing on whether the stop was impermissibly extended.

For these reasons, Hawthorne's motion for an evidentiary hearing on the traffic stop is granted. The parties are to focus on the narrow issue of the officers' ability to smell marijuana. This issue will be addressed at the same hearing to be set for the standing issue on Hawthorne's other motion to suppress.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 14th day of May, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge